UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CECILY M. MORGAN,<br>    10203 Baltimore Avenue<br>    Apt. 6403<br>    College Park, Maryland 20740,<br><br>        Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>    AREA TRANSIT AUTHORITY,<br>    600 5th Street, N.W.<br>    Washington, DC 20001,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### Introduction

1. Plaintiff Cecily M. Morgan, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2, *seq.*, and 42 U.S.C. § 1981a, to remedy acts of discrimination in employment practices taken against her by the Washington Metropolitan Area Transit Authority ("WMATA") based on her race (African American).

### Jurisdiction

2. This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3), plaintiff having

sufficiently exhausted all available administrative remedies on her claims as of the date the instant civil action has been filed with this Court as less than 90 days has elapsed since she received a Notice of Right to Sue, dated December 19, 2014, from the U.S. equal Employment Opportunity Commission, with which plaintiff had filed a charge of employment discrimination against WMATA on April 8, 2014.

### Venue

3.  Pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as the acts of discrimination complained of herein occurred within the District of Columbia and plaintiff was employed by WMATA in the District of Columbia.

### Parties

4.  Cecily M. Morgan is an African-American woman who is a citizen of the United States and a resident of the State of Maryland. She was employed by WMATA in the District of Columbia from June 10, 2013 until she was involuntarily terminated from that employment on December 17, 2013.

5.  Defendant Washington Metropolitan Area Transit Authority or WMATA is an interstate compact which owns and operates the transit system (light rail and bus service) in the Washington metropolitan area. It is funded by fares and advertising, and the short fall in funding is covered by the governments of the District of Columbia, the State of Maryland, Arlington County, following municipalities in the Commonwealth of Virginia: Arlington County, Fairfax County, the City of Alexandria, the City of Falls Church, and the City of Fairfax. It has facilities in all of these entities, but is headquartered at 600 5th Street, N.W., Washington, D.C. It employs well over 600 persons and has done so in each of the last 20 months. It is amenable to being sued in its own name.

## Statement of Facts

6. Plaintiff is a 41 year old African American woman. She graduated in 1996 from the University of Maryland at College Park with a Bachelor of Science degree in Afro-American Studies, and holds a Master of Business Administration from the University of Maryland University College which was conferred in 2002. Plaintiff worked for the University of Maryland with ever increasing responsibilities from 1997 into 2005, first as an Office Manager in the Department of Residential Life, then as the Business Manager with the Department of African American Studies, and finally as the Operations Manager at the College of Arts and Sciences. Later, she work with a variety of federal contractors and grantees variously as a Senior Grants Manager (working with the USDA), as a Senior Grants Program Analyst (working with the Department of Education), a Senior Business Analyst (working with the Department of Housing and Urban Development, the USDA, Patent and Trademark Office, and NASA), a Senior Project Manager (working with the Department of Veterans Affairs, and the Department of Transportation).

7. On June 10, 2013, plaintiff became employed with defendant WMATA in the position of Transit Works Project Manager, with an annual salary of $125,000.00. She was given an office at WMATA's headquarters in Northwest Washington, D.C. Her immediate supervisor was Linda Stoffregen, a White female. As WMATA's Transit Works Project Manager, plaintiff managed a federal workforce development grant involving three outside sub-grantee strategic partners. She worked out of both the Jackson Graham Building (WMATA's headquarters) at 600 5th Street, N.W., Washington, DC 20001, and WMATA's Carmen Turner Facility in Landover, Maryland. Plaintiff's supervisor, Linda Stoffregen, had her office at the Jackson Graham Building in the Washington, D.C.

8. From the very outset of her employment, Linda Stoffregen regularly subjected plaintiff to inflammatory and gratuitous verbal abuse, as well as derogatory and humiliating accusations impugning Ms. Morgan's character and veracity. All of this conduct created an extremely hostile work environment for Ms. Morgan which Ms. Stoffregen's continued through work-place bullying, which was often loud and overheard by others on the staff. Ms. Stoffregen's attitude toward Ms. Morgan and the treatment she accorded her stood in stark contrast to Stoffregen's relations with plaintiff's white colleagues on the staff – a white male and a white female – with whom Stoffregen regularly communicated, in contrast to her refusal to communicate with plaintiff except to humiliate and bully her.

9. Plaintiff never even received a position description from Linda Stoffregen, nor did she ever participate in a written goal setting with her supervisor to establish goals against which her performance could be properly judged.

10. After a particularly hostile session with Ms. Stoffregen at the Jackson Graham Building in October 2013, one in which Ms. Stoffregen was particularly demeaning, Ms. Morgan complained to a representative of WMATA's human resources department ("HR"). This HR official offered to conduct a "temperature gauge" regarding the relationship between Stoffregen and Ms. Morgan, and said that if plaintiff could manage to last six months (she calculated this as through December 10, 2013), then Ms. Morgan might be able to transfer to a job away from Ms. Stoffregen's supervision. However, plaintiff expressed anxiety that Ms. Stoffregen might retaliate against her for HR conducting a "temperature gauge" and work to terminate plaintiff sooner than six months into her tenure. In this regard, plaintiff had heard that Linda Stoffregen had a habit of engaging in early

terminations of new employees. Indeed, Ms. Stoffregen had a reputation for the harsh treatment of African American employees, whose bullying has been tolerated by WMATA management.

11. In the end, after the HR began looking into the treatment being accorded to plaintiff by her supervisor – the "temperature gauge" – despite excellent reviews of Ms. Morgan's job performance in her role as WMATA's Transit Works Project Manager over the federal workforce development grant by WMATA's strategic partners on that grant, Ms. Stoffregen terminated plaintiff's employment on December 17, 2013, based on bogus claims that had nothing to do with her job performance.

12. As a result of the termination of her employment with WMATA, Ms. Morgan was unemployed for some nine and-a-half months (*i.e.*, from December 17, 2013, until September 29, 2014). She ultimately obtained employment as Grants and Contracts Systems Manager with Patient-Centered Outcomes Research Institute ("PCORI), a government corporation, (with an annual salary of $132,000.00) , which is where she works presently.

## Statement of Claims

### I. Race Discrimination - Hostile Work Environment

13. By decisions, actions, and/or omissions as outlined herein above at paragraph nos. 7 through 10, plaintiff has been discriminated against on account of her race by management at WMATA, particularly by her immediate supervisor Linda Stoffregen, which discrimination took the form of creating a hostile work environment for plaintiff, and is actionable against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended by, *inter alia*, the Equal Employment Opportunity Act of 1972, and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2 *et seq*, and 42 U.S.C. § 1981a.

14.  As a result of the fore-mentioned unlawful racial discrimination in employment practices at WMATA, plaintiff suffered severe curtailment of her career opportunities, personal and professional humiliation, and emotional pain and suffering.

## II. Race Discrimination – Termination of Employment

15.  By decisions, actions, and/or omissions as outlined herein above at paragraph nos. 7 and 12, plaintiff has been discriminated against by management at WMATA, particularly by her immediate supervisor Linda Stoffregen, on account of her race, which discrimination took the form of terminating plaintiff's employment at WMATA, and is actionable against defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended by, *inter alia*, the Equal Employment Opportunity Act of 1972, and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-2 *et seq*, and 42 U.S.C. § 1981a.

16.  As a result of this act of unlawful racial discrimination in employment practices, plaintiff has suffered nine-and-a-half-months of unemployment with the loss of approximately $99,000.00 in pay as well as other benefits, including health insurance, as well as continuing curtailment of career opportunities at WMATA, personal and professional humiliation, and pain and suffering.

### Prayer for Relief

**WHEREFORE**, plaintiff prays that this Court enter judgment in her favor and against defendant on both her claims of Title VII violations, and provide her with the following relief:

(a) award plaintiff compensatory damages against defendant in the amount of $300,000.00 on each of her claims, with pre- and post- judgment interest thereon;

(b) order defendant to immediately reinstate plaintiff to her position of Transit Works Project Manager, with an annual salary of $125,000.00, for a period of nine-and-a-half-months beginning on December 17, 2013, and provide her with $99,000.00 in back pay and all other employment benefits for this time period;

(c) order defendant to correct all records to document and reflect the relief awarded herein;

(d) enjoin defendant and WMATA management from discrimination and/or retaliating against plaintiff in the future;

(e) award plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k);

(f) award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and measure of damages.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, D.C. 20005
Tel. (202) 842-0300
Fax (202) 842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff